IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH G. WILLIAMS | ) | |
| | ) | |
| v. | ) | NO. 3:12-0932 |
| | ) | |
| DAVIDSON COUNTY SHERIFF'S OFFICE, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

**R E P O R T  A N D  R E C O M M E N D A T I O N**

By Order entered October 12, 2012 (Docket Entry No. 10), this action was referred to the Magistrate Judge, pursuant 28 U.S.C. §§ 636(b)(1)(A) and (B), for management of the case, for decisions on all pre-trial non-dispositive motions, to issue a report and recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 42) filed by Defendant Daron Hall, to which the plaintiff has filed a response in opposition (Docket Entry Nos. 51-53). Also before the Court is Defendant Hall's reply (Docket Entry No. 54). Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

The plaintiff is a inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Metro-Davidson County Detention Facility ("Detention Facility"). On September 11,

2012, he filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights, as well as violations of state law. He seeks damages and declaratory relief.

The plaintiff sets out claims based upon two different sets of factual allegations. The first involves events occurring during August and September of 2011, when the plaintiff was confined at the Davidson County Criminal Justice Center ("CJC") as a convicted inmate within the custody of the Davidson County Sheriff's Office ("DCSO"). In August of 2011, the plaintiff pled guilty to violation of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code. Ann. § 40-39-208 ("Sex Offender Registry Law") and was also serving a sentence for another crime at the time. He contends that he was supposed to be released from custody on September 2, 2011, but that he was not released until September 6, 2011, resulting in his wrongful incarceration for four days. The plaintiff alleges that the DCSO routinely holds inmates beyond their release dates and fails to release inmates on Fridays so that they will remain in custody and off the streets over the weekend. The plaintiff asserts that the DCSO intentionally failed to release him on his release date because it was the Friday before the Labor Day weekend and because he was homeless and would not be required to report to probation or to register as a sex offender until after the holiday if he was released on September 2, 2011. Based upon these events, the plaintiff alleges that his Fourteenth Amendment Due Process rights and Eighth Amendment rights were violated and that he was falsely imprisoned under state law. See Amended Complaint (Docket Entry No. 23), at 4-6 and 17-18.

The plaintiff's second set of claims is based on allegations concerning his interaction with the Tennessee Department of Probation and Parole after his release from the CJC on September 6,

2011, and until he was arrested again on September 30, 2011. The plaintiff asserts that his conditions of probation required, among other things, that he wear a GPS monitoring device on his ankle and report to his probation officer approximately every two weeks. He alleges that his probation officers for this period, Garen Blanchard and Na'Gasha Graham,[1] took several actions which infringed upon his constitutional rights and his rights under state law. He alleges that: 1) Blanchard informed the plaintiff's girlfriend that he was a sex offender and that he was not allowed to date women who had children because the victim of his sex offense was under the age of eighteen; 2) Blanchard told him he was not permitted to be "downtown;" 3) Blanchard and Graham placed restrictions on where he could travel within Nashville, which prevented him from accessing food distribution and religious services offered to the homeless, prevented him from being at the location where he slept and lived, and prevented him from seeking services from the Tennessee Department of Human Services; and 4) Blanchard and Graham took no corrective action upon his complaints that the GPS ankle monitor was cutting his ankle, causing bleeding, scarring, and pain. Id. at 6-16 and 18-26.

In the Order of referral, the Court found that the plaintiff's allegations stated arguable claims against Davidson County Sheriff Daron Hall and against Blanchard and Graham but dismissed the plaintiff's claims against the DCSO and Probation Supervisor "John Doe" under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See Docket Entry No. 10, at 2, and Docket Entry No. 9, at 6-9. The plaintiff's attempt to revive his claims against the "John Doe" defendant via his Amended Complaint

[1] Graham was originally named as "Jane Doe" but was subsequently identified by the plaintiff in his Amended Complaint (Docket Entry No. 23).

was denied by Order entered January 30, 2013 (Docket Entry No. 22). Defendants Blanchard and Graham have filed a joint answer. See Docket Entry No. 41.

In lieu of an answer, Defendant Hall has filed the pending motion to dismiss. He argues that the plaintiff's action should be dismissed as untimely because the plaintiff failed to file the action within the applicable one year statute of limitations. Hall asserts that the plaintiff's claims for being wrongfully confined accrued on September 3, 2011, when he was first held past his release date, and that the statute of limitations began to run on this date. However, Hall asserts that the action was not filed until September 11, 2012. See Docket Entry No. 43.

In response, the plaintiff makes two assertions that he contends render his action timely filed. First, he argues that his claims accrued on September 7, 2011, the day after he was released. Second, he argues that, although his complaint was not file-stamped by the Clerk until September 11, 2012, he delivered the complaint to prison officials for mailing on September 7, 2011, and, thus, his action is viewed as filed on September 7, 2011, because of the "prison mailbox rule." See Docket Entry No. 52.

Defendant Hall replies by disputing that the plaintiff's claims accrued on September 7, 2011. Hall contends that, even if a continuous violation theory is applied to the plaintiff's claims, his claims accrued no later than the day he was released on September 6, 2011, and the action should have been filed by September 6, 2012. Accordingly, even, if by application of the prison mailbox rule, the plaintiff's Complaint is deemed to have been constructively filed on September 7, 2012, it was still filed one day after the statute of limitations expired. See Docket Entry No. 54.

## II. CONCLUSIONS

A motion to dismiss is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). For the purposes of ruling on Defendant Hall's motion to dismiss, the Court takes as true the following alleged facts: 1) the plaintiff's scheduled release date was September 2, 2011; 2) the plaintiff was released on September 6, 2011; 3) the plaintiff delivered his complaint to prison officials on September 7, 2012.[2] In light of these facts, the Court finds that the plaintiff's claims against Defendant Hall based on the plaintiff's four days of wrongful confinement at the CJC were not timely filed and should be dismissed.

For confined inmates, the prison mailbox rule deems a complaint to be constructively filed at the time the inmate delivers it to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002). Accordingly, the Court finds that the Complaint was filed on September 7, 2012, not on the later date when the Complaint was actually file-stamped by the Clerk.

The applicable statute of limitations for civil rights claims arising in Tennessee is Tenn. Code Ann. § 28-3-104(a)(3). This statute requires that the claim be brought within one year of accrual of the claim. See Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). The statute of limitations period begins to run when the plaintiff

[2] See Plaintiff's Declaration (Docket Entry No. 53), at 2.

knows or has reason to know that the act providing the basis of his injury has occurred. See Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996).

Neither party has provided the Court with any case law from within the Sixth Circuit addressing when causes of action such as those brought by the plaintiff accrue. Nonetheless, the plaintiff clearly had knowledge of the acts forming the basis for his wrongful imprisonment claims on September 3, 2011, the first day that he was confined past what he contends was his scheduled release date. It was on September 3, 2011, that the plaintiff's claims for being wrongfully confined became actionable and he could seek compensation for his injury. As such, it is legally sound to conclude that the plaintiff's claims accrued on this date. See Teats v. Johnson, 2012 WL 4471257, *2 (M.D.Tenn. Sept. 26, 2012), *2 (Campbell, J.) (wrongful imprisonment claim accrues on date when inmate should have been released and has knowledge of his injury, not on the date of his subsequent release); Acree v. Metropolitan Gov't of Nashville and Davidson Cnty., 201 WL 2072760, **2-3 (M.D.Tenn. June 8, 2012) (Sharp, J.) (the date when inmate knew he was being held past his purported release date, not the date of his actual release, is date of accrual of wrongful imprisonment claim). Using this date of accrual, the plaintiff's claims against Defendant Hall were filed more than one year past September 3, 2011.

Even if the Court views the plaintiff's claims as accruing on September 6, 2011, the date he was released from custody, the plaintiff's claims are still untimely. The applicable one year statute of limitations requires that his complaint must have been filed no later than September 6, 2012, one year after the date the claims accrued. Merriweather v. City of Memphis, 107 F.3d 396, 400 (6th Cir. 1997). In Merriweather, the Sixth Circuit Court of Appeals analyzed the Tennessee civil rights

statute of limitations and upheld the dismissal of a claim brought one year and one day after the claim accrued.

To the extent that the plaintiff argues that his claims did not accrue until September 7, 2011, or that the statute of limitations did not expire until September 7, 2012, his arguments lack legal merit. He has not provided any case law supporting his assertion that the wrongful imprisonment claims accrued on the day after he was released from custody and his argument that his wrongful imprisonment was a continuing wrong that did not end until September 7, 2011, see Docket Entry No. 52, at 8, is without merit in light of his assertion that he was released on September 6, 2011.[3] Additionally, the plaintiff's argument that the language of Rule 6(a)(1)(A) of the Federal Rules of Civil Procedure delays the accrual of his cause of action or extends the statute of limitations by a day, id. at 10, is an argument that was specifically rejected in Merriweather. See 107 F.3d at 399-400. Finally, although the plaintiff states that he "delayed filing his complaint until September 7, 2012, because of problems obtaining an inmate account balance sheet from prison," see Docket Entry No. 52, at 9, he has not shown how such problems actually prevented him from filing his complaint prior to September 7, 2012,[4] nor shown any compelling basis for applying equitable estoppel to excuse the late filing of his complaint based on this assertion.

---

[3] Indeed, the cases relied on by the plaintiff, see Docket Entry No. 52, at 8 n.3, support the proposition that a cause of action for false imprisonment accrues on the date of release, not the day after release.

[4] The Court notes that, although the plaintiff purportedly had difficulty obtaining a certified copy of his prison trust fund account, he signed his application to proceed in forma pauperis on July 24, 2012, and it was certified by a Detention Facility employee on July 27, 2012. See Docket Entry No. 2.

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 42) filed by Defendant Daron Hall be GRANTED, that the plaintiff's claims for wrongful imprisonment be DISMISSED, and that Defendant Hall be DISMISSED from the action WITH PREJUDICE.[5]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Juliet Griffin

JULIET GRIFFIN
United States Magistrate Judge

[5] Defendant Hall requests that the action be dismissed. However, the motion to dismiss was filed only on behalf of Defendant Hall and the statute of limitations argument does not apply to the claims brought against Defendants Blanchard and Graham. Accordingly, this action will proceed on the claims against them.