IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH G. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-0932 |
| ) | |
| DAVIDSON COUNTY SHERIFF'S OFFICE *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is the plaintiff's Objection (ECF No. 67) to the Report and Recommendation ("R&R") filed by Magistrate Judge Juliet Griffin (ECF No. 55), recommending that the motion to dismiss (ECF No. 42) filed by defendant Daron Hall, Davidson County Sheriff, be granted and that the claims against defendant Hall be dismissed with prejudice as barred by the statute of limitations. For the reasons set forth herein, the Court will adopt the R&R, grant defendant Hall's motion, and dismiss the claims against him with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, an inmate in the custody of the Tennessee Department of Correction, is currently confined at the Metro-Davidson County Detention Facility. He filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights, as well as violations of state law.

As Magistrate Judge Griffin observed, the plaintiff's claims concern two separate events and are asserted against two separate sets of defendants. Only the claims asserted against Sheriff Daron Hall are at issue here. With respect to Sheriff Hall, the plaintiff alleges that he pleaded guilty in August 2011 to a violation of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code. Ann. § 40-39-201, *et seq.* He was sentenced to probation for that charge, but was already serving 180 days on a charge of credit card fraud. He contends that he was due to be released from custody on that charge on September 2, 2011. He was not released until September 6, 2011, however, resulting in four days of wrongful incarceration. The plaintiff alleges that the Davidson

County Sheriff's Office ("DCSO") routinely holds inmates beyond their release dates and fails to release inmates on Fridays so that they will remain in custody and off the streets over the weekend. The plaintiff asserts that the DCSO and Sheriff Hall intentionally failed to release him on his release date because it was the Friday before the Labor Day weekend, and because he was homeless and would not have been required to report to probation or to register as a sex offender until after the holiday if he had been released on September 2, 2011. Based upon these events, the plaintiff alleges that his Fourteenth Amendment Due Process rights and Eighth Amendment rights were violated and that he was falsely imprisoned under state law. (*See* ECF No. 23, Amended Complaint, at 4–6 and 17–18.)

Sheriff Hall responded to the plaintiff's complaint by filing a motion to dismiss, arguing that the plaintiff's claims against him should be dismissed as untimely, because the plaintiff did not file the action within the applicable one-year statute of limitations. Magistrate Judge Griffin recommends granting that motion, based upon her conclusion that the very latest date on which the plaintiff's claims could possibly have accrued was September 6, 2011, and the earliest date on which the plaintiff could be deemed to have filed his complaint was September 7, 2012, one day after the applicable statute of limitations expired.

The plaintiff has filed his objection to that recommendation. He asserts that:

(1) he was illegally held by defendant Hall from September 2, 2011 until September 6, 2011, and that, because he was released on September 6, his claim for false imprisonment did not actually accrue until the next day, September 7, 2011 (ECF No. 67, at 1, 4);

(2) under Rule 6(a)(1)(A) of the Federal Rules of Civil Procedure, "the day of the deadline is counted," so the complaint, filed on September 7, 2012, was timely (*id.* at 1–2); and

(3) even if the limitations period expired September 6, 2012, the plaintiff should be granted a grace period because he did not have sufficient funds to purchase envelopes and "had to additionally wait for an inmate balance sheet to account for *in forma pauperis* status (*id.* at 2).

II.     **STANDARD OF REVIEW**

When, as here, a party files objections to a magistrate judge's report and recommendation related to dispositive matters, the district court must review *de novo* any portion of the report and recommendation to which objections are lodged. Fed. R. Civ. P. 72(b)(3). In conducting its review, the

district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**III. DISCUSSION**

The complaint in this action was received by the clerk's office and docketed on September 11, 2012, but the plaintiff signed and dated the complaint on September 7, 2012.[1] Under the prison-mailbox rule, a prisoner's complaint is deemed to be filed the day the inmate delivers it to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (first applying prison-mailbox rule to the filing of a petition for the writ of habeas corpus); *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) (holding that *Houston* applies to civil complaints filed by *pro se* plaintiffs who are incarcerated at the time of filing). The Sixth Circuit has held that, "absent contrary evidence," a prisoner is presumed to have given his complaint to prison authorities for filing on the date he signed the complaint. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). There is no contrary evidence in this case, so the plaintiff's complaint is deemed to have been filed on September 7, 2012.

The plaintiff's federal claims are brought under 42 U.S.C. § 1983. Although § 1983 does not contain a statute of limitations, the court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). Because the plaintiff's civil-rights claims arose in Tennessee, the one-year limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). That provision requires that actions brought under federal civil rights statutes be commenced within one year after the cause of action accrued. Federal law determines when claims accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725–26 (6th Cir. 1980). In cases under § 1983, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the

---

[1] The plaintiff actually submitted a lengthy, hand-written complaint, which he signed and dated September 6, 2012 (ECF No. 1, at 27), along with a form § 1983 complaint, which he signed and dated September 7, 2012 (ECF No. 1-1, at 7). As these documents were submitted together, it is clear that they could not have been given to prison authorities for mailing prior to September 7.

basis of his complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer*, 98 F.3d at 220. Based on this precedent, the plaintiff's cause of action accrued on September 3, 2011, the first day on which he knew that he was being held past the day he was supposed to have been released. *See Acree v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:11-0982, 2012 WL 2072760, at *3 (M.D. Tenn. June 8, 2012) (Sharp, J.) (holding that that the plaintiff's false-imprisonment claim accrued, and the statute of limitations began to run, when the plaintiff knew that he was being held longer than he should have been under the sentence imposed by the judge (citing *Wallace v. Kato*, 549 U.S. 384, 390, 391 (2006)).

Notwithstanding, even assuming that a continuing violation extended the time of accrual of the plaintiff's cause of action until he was released from jail on September 6, there can be no dispute that the plaintiff knew or had reason to know of the full extent of his injury as of the day of his release. Thus, under the plaintiff's theory, his cause of action certainly accrued no later than September 6, 2011, the day he was released from jail. The plaintiff's argument that his cause of action did not accrue until the day after he was released is not supported by citation to any relevant authority and is simply not tenable. *Cf. Merriweather v. City of Memphis*, 107 F.3d 396, 397–98 (6th Cir. 1997) (noting that, where the plaintiff's § 1983 claims arose from the shooting death of her father by police officers on October 19, 1994, the cause of action accrued on October 19, and the statute of limitations began running the next day, on October 20, 1994).

The rule upon which the plaintiff relies in arguing that the limitations period ran through September 7, 2012, provides that, "in computing any time period specified" in the Federal Rules of Civil Procedure "or in any statute that does not specify a method of computing time," "the day of the event that triggers the period" is excluded. Fed. R. Civ. P. 6(a)(1)(A). The rules also provide, however, that the last day of the limitations period is included unless it falls on a weekend day or holiday. Fed. R. Civ. P. 6(a)(1)(C). Application of these rules does not aid the plaintiff's cause. The "triggering event" (and accrual date) was the plaintiff's release from jail on Tuesday, September 6, 2011. That day is not counted in computing the one-year limitations period, but the next day, Wednesday, September 7, 2011, is counted. The limitations period expired 366 days later,[2] on Thursday, September 6, 2012. *See Merriweather*, 107 F.3d at 398 ("Rule 6(a) does not, however, push the end of the limitation period in this case to October

---

[2] The year 2012 was a leap year.

20, 1995. Although October 19, 1994 is excluded from the computation, the one-year period nevertheless ends on the same calendar date [October 19, 1995] the following year.") (citing *LaRosa v. Cove Haven, Inc.*, 840 F. Supp. 319, 321 (M.D. Pa.1993) (excluding the day of the relevant event and holding that a two-year statute of limitations for an action that arose on August 18, 1990 ended on August 18, 1992, counting 365 and 366 days to account for a leap year); *Gammons v. Domestic Loans of Winston-Salem, Inc.*, 423 F. Supp. 819, 822 (M.D.N.C. 1976) (applying Rule 6(a) and holding that a lawsuit filed on April 15, 1976 arising from a transaction on April 16, 1975 was timely because it had been filed on the 365th day of a 366-day (leap) year); *McCleary v. Morgan*, 449 S.W.2d 440, 442 (Tenn. Ct. App. 1968) (holding that the period for filing suits arising from an accident on February 6, 1965 ended on February 6, 1966 (but allowing suits filed on February 7, 1966 only because February 6, 1966 had fallen on a Sunday))).

In other words, to have been timely, the plaintiff's lawsuit needed to have been filed *within* the one-year limitations period. Tenn. Code Ann. § 28-3-104(a)(3) ("The following actions shall be commenced within one (1) year after the cause of action accrued: . . Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes. . . ."). The plaintiff's lawsuit was not filed until September 7, 2012, one day after the limitations period expired. The claims against Sheriff Hall are therefore subject to dismissal on the basis that they are barred by the statute of limitations. *Cf. Merriweather*, 107 F.3d at 400 (upholding the dismissal of a § 1983 claim brought one year and one day after the claim accrued, applying Tenn. Code Ann. § § 28-3-104(a)(3)).

The court also rejects the plaintiff's claim that he should be entitled to some form of equitable tolling, based on his contention that he was "delayed filing his complaint until September 7, 2012, because of problems obtaining an inmate account balance sheet from the prison." (ECF No. 52, at 9.) In that regard, the court observes that the plaintiff's application to proceed *in forma pauperis* was actually signed and notarized in July 2012. Moreover, the plaintiff ultimately submitted his application without waiting for the prison to provide the trust-account statement required by 28 U.S.C. § 1915(a)(2). Instead, the plaintiff submitted that document approximately two weeks after he filed his complaint. The plaintiff therefore has not shown how the prison's failure to provide the trust-account statement sooner delayed the filing of his complaint, or why this delay would excuse his late filing.

IV. CONCLUSION

For the reasons set forth herein, the court **ACCEPTS** Magistrate Judge Griffin's Report and Recommendation, **GRANTS** defendant Daron Hall's motion to dismiss (ECF No. 42), and **DISMISSES WITH PREJUDICE** the claims against defendant Hall on the basis that they are barred by the statute of limitations.

It is so **ORDERED**.

The claims against the other two defendants remain pending, and this action remains referred to the magistrate judge.

Aleta A. Trauger
United States District Judge