IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH G. WILLIAMS )
 )
 v. ) NO. 3:12-0932
 )
DAVIDSON COUNTY SHERIFF'S )
OFFICE, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 12, 2012 (Docket Entry No. 10), this action was referred to the Magistrate Judge, pursuant 28 U.S.C. §§ 636(b)(1)(A) and (B), for management of the case, for decisions on all pre-trial non-dispositive motions, to issue a report and recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 92) filed by Defendants Garen Blanchard and Na'Gasha Graham. Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

The plaintiff is currently an inmate confined at the Metro-Davidson County Detention Facility ("Detention Facility"). On September 11, 2012, he filed this action pro se and in forma

pauperis under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights, as well as violations of state law, and seeking damages and declaratory relief. In the Order of referral, the Court found that the plaintiff stated arguable claims against Defendants Blanchard and Graham, as well as against Davidson County Sheriff Daron Hall.

Pursuant to a scheduling order (Docket Entry No. 57) and amended scheduling order (Docket Entry No. 79), pretrial proceedings have occurred in the action. Upon Defendant Hall's motion to dismiss, the Court dismissed the claims against him with prejudice and he was dismissed from the action. See Orders entered August 13, 2013 (Docket Entry No. 69), and September 25, 2013 (Docket Entry No. 80). The plaintiff's remaining claims against Defendants Blanchard and Graham are based on allegations concerning his interaction with the Tennessee Department of Probation and Parole after his release from the Davidson County Criminal Justice Center on September 6, 2011, and until he was arrested again on September 30, 2011. He contends that Defendants Blanchard and Graham were his probation officers for this time period and took several actions which infringed upon his constitutional rights and his rights under state law. See Amended Complaint (Docket Entry No. 23), at 6-16 and 18-26.

## II. THE DEFENDANTS' MOTION TO DISMISS

On November 27, 2013, the Defendants filed the pending motion to dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure based on the assertion that the plaintiff failed to attend his deposition, which was noticed and scheduled on three separate occasions: October 18, 2013, November 7, 2013, and November 25, 2013. Upon the plaintiff's filing of a change of address notice on December 4, 2013, in which he stated that he was no longer a free world citizen residing

at the Room in the Inn but had been "sent back to jail" on November 20, 2013, and was currently incarcerated with the Davidson County Sheriff's Office, see Docket Entry No. 97, the Court directed the Defendants to give notice of either their intent to proceed with the motion to dismiss or to withdraw the motion. On December 18, 2013, the Defendants responded to the Court's directive by stating that they wished to proceed with their motion. The plaintiff has filed a motion (Docket Entry No. 102) for an extension of time to respond to the Defendants' motion to dismiss.[1]

### III. CONCLUSIONS

The motion to dismiss should be denied. Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). While the Court sympathizes with the difficulties counsel for the Defendants has encountered in attempting to take the deposition of the pro se plaintiff, the Court cannot find a record of such conduct and does not view the plaintiff as having engaged in conduct that warrants the sanction of dismissal of the action.

Initially, the Court finds that the plaintiff's regular activity in the action and, specifically, his filing of change of address notices indicate that he has not abandoned the action and show that he has a desire to prosecute the action.[2] Further, the Court does not view the record of events

---

[1] By contemporaneous Order, the Court has denied this motion as moot.

[2] On October 7, 2013, the Defendants filed a motion to dismiss (Docket Entry No. 87) for failure to prosecute because the plaintiff had not provided the Defendants or the Court with a current address after he was released from incarceration on or about October 2, 2013. After the plaintiff filed a notice of address change on October 10, 2013 (Docket Entry No. 90), the Court denied the motion to dismiss as moot. See Order entered October 16, 2013 (Docket Entry No. 91).

3

surrounding the thwarted depositions as evidencing contumacious or dilatory conduct on the part of the plaintiff. Rather, the depositions largely appear to have been thwarted because of factors related to the plaintiff's release from the Detention Facility and his subsequent re-incarceration within a relatively short period of time, his transitory living arrangements due to apparently being homeless, and the complications that accompany pro se litigation.

Although the Court finds it likely that fault for the thwarted deposition scheduled for November 7, 2013, can be attributed to the plaintiff's lack of diligence in keeping up with his lawsuit after he was released from the Detention Facility, the primary reason the depositions on October 18, 2013, and November 25, 2013, did not occur was because the plaintiff had either been recently released from incarceration prior to the scheduled date of the deposition at the Detention Facility (the October 18, 2013, deposition) or had been re-incarcerated shortly before the scheduled date of the deposition at a free world location (the November 15, 2013, deposition). While it is unfortunate that none of these three depositions occurred as scheduled, given the plaintiff's pro se status and the factual circumstances surrounding the depositions, the Court is inclined to grant some leniency to the plaintiff, and finds no basis for dismissing the action pursuant to Rule 41(b).[3]

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 92) filed by Defendants Garen Blanchard and Na'Gasha Graham be DENIED.

---

[3] If this Report and Recommendation is adopted, the Court shall enter an amended scheduling order providing the Defendants with additional time to complete their discovery and to file any additional dispositive motions.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge