IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH G. WILLIAMS )
 )
v. ) NO. 3:12-0932
 )
DAVIDSON COUNTY SHERIFF'S )
OFFICE, et al. )

TO: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Order entered October 12, 2012 (Docket Entry No. 10), this action was referred to the Magistrate Judge, pursuant 28 U.S.C. §§ 636(b)(1)(A) and (B), for management of the case, for decisions on all pre-trial non-dispositive motions, to issue a report and recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 132) filed by Defendants Garen Blanchard and Na'Gasha Graham. The plaintiff has not filed a response to the motion. Set out below is the Court's recommendation for disposition of the motion.

### I. BACKGROUND

The plaintiff is a former inmate of the Metro-Davidson County Detention Facility ("Detention Facility") who is currently not incarcerated. On September 11, 2012, he filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 alleging violations of his federal constitutional

rights, as well as violations of state law, and seeking damages and declaratory relief. In the Order of referral, the Court found that the plaintiff stated arguable claims against Defendants Blanchard and Graham. The claims against Defendants Blanchard and Graham are based on the plaintiff's interaction with the Tennessee Department of Probation and Parole after his release from the Davidson County Criminal Justice Center on September 6, 2011, and until he was arrested again on September 30, 2011. He contends that Defendants Blanchard and Graham were his probation officers during this time period and took several actions which infringed upon his constitutional rights and his rights under state law. See Amended Complaint (Docket Entry No. 23), at 6-16 and 18-26.[1]

Pursuant to a scheduling order (Docket Entry No. 57) and two amended scheduling orders (Docket Entry Nos. 79 and 127), pretrial proceedings have occurred in the action. During the proceedings, the plaintiff has alternated between being incarcerated at different institutions and being homeless without a permanent address. See Docket Entry Nos. 1, 35, 59, 90, 97, and 106. Although the Court denied the Defendants' two prior motions to dismiss the action (Docket Entry Nos. 87 and 92) under Rule 41(b) of the Federal Rules of Civil Procedure because of the plaintiff's failure to prosecute, see Orders entered October 16, 2013 (Docket Entry No. 91), and March 31, 2014 (Docket Entry No. 125), the Defendants have had difficulties completing discovery in the action, as well as locating the plaintiff.

In their most recent motion to dismiss, the Defendants assert that the plaintiff was released from his most recent confinement at the Detention Facility on April 5, 2014, and has not provided

---

[1] Davidson County Sheriff Daron Hall was also named as a defendant to the action but the Court dismissed the claims against him with prejudice. See Orders entered August 13, 2013 (Docket Entry No. 69), and September 25, 2013 (Docket Entry No. 80).

2

the Defendants or the Court with a change of address notice since being released and has not made any attempt to inform the Defendants of his current whereabouts. The Defendants again request that this action be dismissed under Rule 41(b) because of the plaintiff's failure to prosecute.

## II. CONCLUSIONS

Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

The Defendants' motion to dismiss should be granted pursuant to Rule 16(f)(1) and Rule 41(b) because of the plaintiff's failure to comply with the directive of the Court that he keep the Court and the opposing parties informed of his current address. The Court's original scheduling order specifically noted this directive to the plaintiff. See Docket Entry No. 57, at 2. Further, the proceedings in this action related to the Defendants' prior two motions to dismiss for failure to prosecute have emphasized the importance of keeping the Court and the Defendants informed of the Plaintiff's whereabouts and his active involvement in the litigation. The plaintiff has previously filed several changes of address notices indicating that he understands the importance of this obligation.

However, the Court does not have a current address for the plaintiff and all of the most recent mail sent from the Court to the plaintiff has been returned as undeliverable. See Docket Entry Nos. 130-131 and 138-140.

The Court has on two occasions been lenient with the plaintiff and denied the Defendants' motion in which they argued that the action should be dismissed because of difficulties caused by the plaintiff's transient living situation. However, the action is now stalled because the plaintiff's current whereabouts are unknown. He has not undertaken any activity in the action since his April 5, 2014, release from incarceration and has failed to respond to the motion to dismiss.[2] Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by the plaintiff's failure to prosecute the action upon his release from incarceration and the fact that his current whereabouts are unknown. It is not the Court's duty to search out and locate the plaintiff. Given the plaintiff's apparent disinterest in the action and the history of the proceedings in the action, a sanction lesser than dismissal is not warranted.

### RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 132) filed by Defendants Garen Blanchard and Na'Gasha Graham be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

---

[2] The certificate of service on the Defendants' motion states that they mailed a copy of the motion to three different addresses at which the plaintiff had been located during the proceedings in this action. See Docket Entry No. 132, at 3.

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge